IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| FEDERAL INSURANCE COMPANY, | ) | |
| a/s/o THOMPSON TRACTOR | ) | |
| COMPANY, INC. d/b/a THE CAT | ) | |
| RENTAL STORE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:09cv564-MEF |
| | ) | |
| LEON THOMAS McCORD, JR., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

### INTRODUCTION

On June 15, 2009, Federal Insurance Company ("Federal") filed this lawsuit against Leon Thomas McCord, Jr. ("McCord"). Federal seeks damages for alleged breach of contract and negligence arising out of McCord's use of an excavator he rented from Thompson Tractor Company Inc. d/b/a The Cat Rental Store ("Thompson") pursuant to a written rental agreement. Federal insured the excavator under a policy issued to Thompson, and Federal brings suit against McCord on the contract between McCord and Thompson by virtue of subrogation. This cause is before the Court on the Motion of Leon Thomas McCord Jr. To Compel Arbitration and Stay Proceedings (Doc. # 13). Plaintiff Federal Insurance Company opposes the motion. The Court has considered the merits of the motion and the applicable law and finds that it is due to be GRANTED.

## JURISDICTION AND VENUE

Federal invokes this Court's subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a). The Court is satisfied that the parties are citizens of different states and the amount in controversy exceeds $75,000.

## FACTS

On June 16, 2008, McCord leased an excavator from Thompson. Pursuant to the lease agreement, McCord agreed to be responsible for any loss of, theft of, or damage to the excavator and to return the excavator in as good condition as when he received it. McCord used the excavator to lift logs onto a bonfire. The excavator caught fire while McCord was using it, and the fire destroyed the excavator. Thompson made a claim on its insurance policy with Federal. Pursuant to the policy, Federal paid Thompson $94,842.00 for the loss. Federal was subrogated to Thompson's rights of recovery pursuant to the lease agreement with McCord.

On June 15, 2009, Federal brought suit in this Court against McCord for breach of contract and negligence all arising out of the damage McCord caused to the excavator and his failure to pay for that damage under the lease agreement. McCord filed a motion seeking a stay of all proceedings in this Court and an order compelling Federal to arbitration pursuant to a provision in the lease agreement between Thompson and McCord. That provision provides as follows:

> 19. ARBITRATION/WAIVER OF JURY TRIAL. Customer and Rental Store acknowledge and agree that the transaction between them involves "commerce" as that term is used in the Federal Arbitration Act, 9 U.S.C. [sic] (The "FAA"). Customer

and Rental Store agree that except as otherwise provided below, all disputes, controversies or claims arising out of or related to (a) any alleged nonconformity of the equipment or breach of this Rental Agreement by Rental Store, or (b) any alleged false, misleading, or fraudulent statement by Rental Store, or (c) any prior negotiations or dealings between Customer and Rental Store, or (d) any maintenance or service performed by Rental Store on the equipment or on any other related or unrelated property before or after the date of this rental agreement, or (f)[sic] any relationship resulting from any of the foregoing, whether based in tort, contract, warranty, or statutory or strict liability shall be settled by binding arbitration under the FAA held in Birmingham, Alabama in accordance with the Commercial Arbitration Rules of the American Arbitration Association. Judgment on the arbitrator's award may be entered by any court of competent jurisdiction. The arbitrator shall be familiar with the equipment of the type involved in the dispute and shall, at the election of either party, be an attorney at law who has been licensed to practice at least 10 years. The arbitrator shall grant the parties the same relief, if any, that would be granted by a court of competent jurisdiction applying applicable rules of law to the relevant facts. *Any dispute on whether a particular dispute, claim or controversy is required to be settled by arbitration shall be decided by the arbitrator.* The foregoing does not affect the right of either party to seek a judgment in a court against the other on contract claim for breach of an express agreement to pay money and for interest and costs of collection or to exercise any right to offset or self-help repossession, or to see a court order for possession of personal property, or to seek injunction or their purely equitable remedy other than a stay of arbitration. The parties agree that the commencement of litigation by either of them pursuant to the preceding sentence or otherwise shall not operate as a waiver or estoppel of the right to arbitrate any counterclaim or any similar and that upon the giving of a notice of arbitration of the counterclaim or similar claim by any party hereto, the litigation of the counterclaim shall be stayed and the counterclaim shall be submitted to binding arbitration hereunder. The parties hereby waive the right to trial by jury of all disputes, controversies, and claims which they have hereby agreed to resolve by arbitration whether or not a dispute, claim or controversy is submitted to arbitration or is decided by a court.

3

(*See* Lease Agreement at Doc. # 1-2; Doc. # 13; & Doc. # 15-2; emphasis added).  Federal contends that it should not be compelled to arbitrate its claims because they are outside the scope of the arbitration agreement.

## DISCUSSION

The Federal Arbitration Act ("FAA") explicitly permits the use of arbitration and specifically authorizes individuals in commercial transactions to contract for arbitration. 9 U.S.C. §§ 1-10.  Congress enacted the FAA in 1925 to offset the "hostility of American courts to the enforcement of arbitration agreements." *Circuit City Stores, Inc. v. Adams,* 532 U.S. 105, 111, 121 S. Ct. 1302, 149 L. Ed. 2d 234 (2001).  Because the FAA evinces the "liberal federal policy favoring arbitration," *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 24, 103 S. Ct. 927, 74 L. Ed. 2d 765 (1983), the legislation "compels judicial enforcement of a wide range of written arbitration agreements."  *Circuit City,* 532 U.S. at 111, 121 S. Ct. 1302.  Pursuant to the FAA, a written arbitration provision in any contract evidencing a transaction involving commence is enforceable unless legal or equitable grounds for the revocation of the contract exist.  *See* 9 U.S.C. § 2.

Section 4 of the FAA allows a "party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement" to petition the court "for an order directing that such arbitration proceed."  9 U.S.C. § 4.  When a court is "satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue," the court is required to "make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement."  *Id*.

There is no dispute that the transaction at issue involved interstate commerce.  The FAA "provides for 'the enforement of arbitration agreements within the full reach of the Commerce Clause.'" *Citizens Bank v. Alafabco, Inc.,* 123 S. Ct. 2037, 2040 (2003).  The record before this Court makes it clear that the dealings between the parties affected interstate commerce.  *See, e.g., Pitchford v. AmSouth Bank,* 285 F. Supp. 2d 1286, 1290 (M.D. Ala. 2003).  Consequently, the arbitration agreement is within the scope of the FAA.

Thus, the issues before this Court are: whether the parties have agreed to arbitrate claims of the sort Federal has brought and whether the parties have agreed that an arbitrator, rather than a court, must decide whether claims are within the scope of the arbitration agreement.  It is well established that arbitration is a creature of contract, and no party can be compelled to submit a dispute to arbitration without having given prior contractual consent to do so.  *See AT & T Tech., Inc. v. Communications Workers*, 475 U.S. 643, 649 (1986).  Although the United States Supreme Court has made it clear that, the courts, not arbitrators, ordinarily will decide whether or not a particular dispute is arbitrable, the parties may choose to have arbitrators resolve even the question of arbitrability.  *Id.* at 649 (unless the parties "clearly and unmistakably" provide otherwise "the question of arbitrability-whether ... [an arbitration] agreement creates a duty for the parties to arbitrate the particular grievance-is undeniably an issue for judicial determination.").  The agreement here includes language which clearly and unmistakably provides that questions of arbitrability shall be determined by the arbitrator.  *See* Lease Agreement ("Any dispute on whether a particular dispute, claim or controversy is required to be settled by arbitration shall be decided by the

arbitrator."). In the face of this unambiguous agreement, the Court must stay its action and allow the arbitrator to determine whether the parties have agreed that claims such as those brought by Federal would be resolved by arbitration or if they remain outside the scope of the parties' arbitration agreement.

## CONCLUSION

For the foregoing reasons, this Court will not deny enforcement of the arbitration clause. Accordingly, it is ORDERED as follows:

1. The Motion of Leon Thomas McCord Jr. To Compel Arbitration and Stay Proceedings (Doc. # 13) is GRANTED;

2. The parties are required to present their dispute about the arbitrability of these claims to an arbitrator in accordance with their agreement.

3. It is further ORDERED that pursuant to 9 U.S.C. § 3, this action is hereby STAYED pending the above ordered arbitration.

4. The parties are hereby ORDERED to file a jointly prepared report on the status of this case. The first such report shall be filed on **January 5, 2010**, and the parties shall thereafter file a jointly prepared report **on the first Tuesday of every month** until such time as the parties jointly stipulate that this action can be dismissed. **The jointly prepared report shall indicate the status of the proceedings before the arbitrator, and the expected date those proceedings will be concluded.**

DONE this the 20th day of October, 2009.

_____
/s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE